Charlie Green v. State.

No. 2180.  Decided January 29, 1913.

Rehearing denied February 19, 1913.

**Robbery—Statement of Facts.**

Where, upon an appeal from a conviction of robbery, it was not shown that the defendant had been deprived of a statement of facts through no fault of himself or counsel, there was no reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*J. Vance Lewis*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—On June 4, 1912, this case was tried in the Criminal District Court of Harris County, Texas, and appellant convicted of robbery and his punishment assessed at six years confinement in the penitentiary.

There is no statement of facts with the record, and appellant requests us to reverse the case because he has been deprived of a statement of facts. It is only in those cases where through the fault or negligence of the State's counsel, or the omission or wrongful act of the judge trying the case, the defendant has been deprived of a statement of facts, we would be authorized to reverse on this ground. While there are some affidavits which would indicate that appellant had done all the law required of him to entitle him to a statement of facts, yet the judge of the Criminal District Court has filed in this court the following affidavit:

"On this day personally appeared before me Cornelius W. Robinson, judge of the Criminal District Court of Harris County, Texas, who after being by me duly sworn upon oath, says:

"That a motion for a new trial in this case was overruled on the 14th day of June, 1912; that thereafter on the 20th day of July, 1912, J. Vance Lewis, attorney for Charlie Green presented to me an affidavit stating that the defendant was too poor to pay for a statement of facts to be prepared by the stenographer, and upon said date I refused to order the stenographer to make up a statment of facts, more than thirty days having elapsed from the overruling of the motion for a new trial, and this court holding session more than eight weeks. I stated to J. Vance Lewis, however, that if he would prepare a statement of facts and present it to the district attorney and they would agree on a statement of facts, that I would approve the same and have it sent up with the record and the higher court could use their judgment as to whether it should be considered; the said J. Vance Lewis at no time reported to me that he was unable to agree with the district attorney on a statement of facts and in fact I heard no more with reference thereto until on or about the 13th or 14th day of December, 1912, when Mr. Clarence Kendall, Assistant District Attorney for Harris County, brought to me a statement of facts that he said Lewis had left in his office some time the latter part of July, 1912.

"Had the said J. Vance Lewis reported to me that he had failed to agree with the district attorney upon a statement of facts in this case I should have made up a statement of facts and filed the same and had it sent up with the record."

The assistant district attorney has also filed an affidavit denying that he ever refused to agree with appellant's counsel on a statement of facts. Under the circumstances we do not feel we would be authorized to reverse the case on this ground.

The judgment is affirmed. *Affirmed.*

[Rehearing denied February 19, 1913.—Reporter.]